Estes F. BRIGHT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16229.

United States Court of Appeals
Eighth Circuit.

Feb. 11, 1960.

Estes F. Bright, pro se.

Osro Cobb, U. S. Atty., and Walter G. Riddick, Jr., Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before JOHNSEN, Chief Judge, and SANBORN and VAN OOSTERHOUT, Circuit Judges.

JOHNSEN, Chief Judge.

The McNabb case (McNabb v. United States), 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, held that incriminating statements elicited from one in custody, during unnecessary delay in taking him before a United States Commissioner, may not be received as evidence to convict.

This represents a procedural prescription laid down by the Supreme Court, under its "supervisory authority over the administration of criminal justice in the federal courts" (318 U.S. at page 341, 63 S.Ct. at page 613), and is without relation to whether the circumstances of obtaining the statement may make it vulnerable by the test of due process.

The exclusion, however, as the Court has made clear in Mallory v. United States, 354 U.S. 449, 452–455, 77 S.Ct. 1356, 1358–1360, 1 L.Ed.2d 1479 has as its basis of application, not an abstract measuring of time and opportunity to have taken the prisoner before a commissioner, but a scrutiny of whether the statement in its circumstances seems to be the product of an artificial delay.

Under Rule 5(a), Federal Rules of Criminal Procedure, 18 U.S.C.A., a prisoner's right to an appearance before a commissioner is legally encroached on whenever he is not taken before the commissioner "without unnecessary delay". Such an encroachment, however, if only the prejudice of naked delay is involved, will not have any significance or consequence in relation to his trial and conviction. But if the delay has involved circumstances of official attempt to induce statements on the part of the prisoner, while his right to be brought before a commissioner was capable of being effected, and an incriminating statement so induced is sought to be used against him on the trial, there will be present the rationality and basis for the McNabb exclusion.

It is the attempt of officers to take advantage of a prisoner, through imposed interrogation or other custodial pressure (such perhaps even as a deliberate isolation or psychological ignoring intended to have effect of inducing him to make expression), at a time when there exists a responsibility on their part to accord him some prescribed legal step or process, at which the McNabb rule is aimed.

Thus, as previously noted, delay in taking a prisoner before a commissioner does not per se require the exclusion of a statement made during custody. For example, a prisoner may have acknowledged his guilt before there has been time and opportunity in fact to take him before a commissioner, so that a subsequently occurring delay in this respect would bear no relationship to his statement. The McNabb rule does not require the exclusion of such a statement. See United States v. Mitchell, 322 U.S. 65, 69–70, 64 S.Ct. 896, 898, 88 L.Ed. 1140. And beyond this, as Mallory, supra, declares, "Circumstances may justify a brief delay between arrest and arraignment, as for instance, where the story volunteered by the accused is susceptible

of quick verification through third parties". 354 U.S. at page 455, 77 S.Ct. at page 1360. Other elements of uninduced cooperation may perhaps also make some particular situation one that can properly be regarded as having been "without unnecessary delay".

Application of the McNabb rule thus involves a scrutiny and evaluation by the trial court of whether the circumstances and incidents of a statement made by a prisoner, as related to time and opportunity for taking him before a commissioner, constitute the statement as a product of improper encroachment on his right to such an appearance.

■ But since the rule is a procedural or evidential prescription only, the court's appraisal of the situation and its ruling on the admissibility of the statement, if wrong, are errors merely in the trial proceedings. They do not render the judgment void but simply erroneous. The only right to have the ruling reviewed, therefore, is through the process of an appeal. The way is not open to challenge the ruling by any other means such as a collateral attack upon the judgment.

What has been said is dispositive of the proceeding that is immediately before us. Appellant Bright had been convicted and sentenced on a trial, in which a statement made by him while in custody prior to his being taken before a commissioner was held by the court to be admissible in evidence, as not being within the ban of the McNabb rule. He took no appeal from the judgment but later sought to have his sentence vacated by a motion under 28 U.S.C.A. § 2255, on the ground of the admission of the statement in evidence. The motion was denied by the court on its face, on the basis that what was being attempted to be presented was a matter which was cognizable only on an appeal taken from the judgment of conviction.

■ The remedy provided by § 2255 cannot, of course, be used to serve the functions and purposes of an appeal. Kaplan v. United States, 8 Cir., 234 F.2d

345; Shobe v. United States, 8 Cir., 220 F.2d 928.

The situation with which the court was confronted on appellant's trial was, on the facts as asserted by him in his present motion and brief, one where the court was at most called upon to engage in appraisal of the circumstances and make ruling as a trial incident on the applicability of the McNabb rule thereto. Whether the court's appraisal and ruling were factually and legally correct or incorrect is here immaterial, for McNabb provides no basis for collateral attack upon a sentence as constituting one that has, within the language of § 2255, been "imposed in violation of the Constitution or laws of the United States".

The denial of appellant's motion to vacate his sentence is affirmed.