**UNITED STATES of America,**
**Appellee,**

v.

**Michael Vincent ELLIOTT, Appellant.**

**No. 20366.**

United States Court of Appeals,
Eighth Circuit.

Dec. 17, 1970.

Charles E. Wright, Lincoln, Neb., for appellant.

Robert J. Becker, Asst. U. S. Atty., Omaha, Neb., for appellee.

Before VAN OOSTERHOUT and HEANEY, Circuit Judges, and HANSON, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This is a timely appeal in forma pauperis by defendant Elliott from judgment of conviction entered upon a jury verdict of guilty on a grand jury indictment charging defendant with violation of 18 U.S.C.A. § 2312,—National Motor Vehicle Theft Act. Imposition of sentence was suspended; defendant was put on two years probation.

Defendant for reversal relies upon the following asserted errors:

I. Prejudicial repetitious references by the court to defendant's indictment by a grand jury in the voir dire and the instructions.

II. Erroneous reception of admissions made by defendant to officers because of failure to promptly bring defendant before a commissioner as required by Rule 5, Fed.R.Crim.P.

III. Refusal to permit testimony of witness Perry.

IV. Insufficiency of evidence to support a finding that defendant intended to abandon or dispose of the vehicle after using it to serve his purpose.

We find the court committed no prejudicial error and affirm the conviction for the reasons hereinafter stated. Facts to the extent necessary will be set out during the course of the opinion.

### I.

The court in its voir dire examination of the jury stated:

"THE COURT: The fact that an indictment has been returned is no proof of the guilt of a defendant. Is there any person among you who would have any feeling as to a defendant, that he must be guilty or the grand jury wouldn't have indicted him?

—(no response)—

"THE COURT: I take it you all understand that this is merely the nature of the proceedings by which a person is prosecuted in this Court. It means no more than filing a complaint in the State courts; and you are not to hold it against the defendant that he has been indicted. You all so understand?"

The court in its charge to the jury states that an indictment has been returned by the grand jury, explains the offense charged in the indictment, the essential elements of the offense charged in the indictment, and uses the word "indictment" a number of additional times in its instructions. In instruction No. 8, the court states:

"The fact that an indictment has been found and returned in this case against the defendant shall not be taken or considered by you as evidence against him. Such indictment simply contains the charges or allegations made necessary under the law as a basis upon which a defendant is to be tried. Neither the jury as a whole, nor any member of it, should be influenced, in any way against the defendant because an indictment has been found and returned against him herein. A grand jury does not determine guilt or innocence as submitted to you under this charge."

■ Defendant did not raise any objection to the statement made by the court on voir dire or to the instructions. He made no request for any amplification of the instructions nor did he make a motion for a mistrial. His failure to raise the error in the trial court which he now asserts precludes him from raising the issue upon appeal. Petschl v. United States, 8 Cir., 369 F.2d 769, 773.

■ No plain error has been demonstrated. We have examined the instructions and the record as a whole and are not persuaded that any reasonable possibility exists that the jury was in any way misled by the court or that any reasonable possibility exists that any prejudice resulted from the court's reference to the grand jury indictment. It is a common and usual practice to refer to indictments in the instructions. We are satisfied that the trial court's clear explanation and admonition to the jury to the effect that the jury was to give no weight or consideration to the fact that defendant had been indicted adequately preserved defendant's right to a fair trial. See Blauner v. United States, 8 Cir., 293 F.2d 723.

## II.

■ Defendant contends that certain admissions which he made on August 2 and 3 while in State custody were improperly received in evidence by reason of the violation of defendant's right to be taken before a commissioner without unnecessary delay as provided by Rule 5(a), Fed.R.Crim.P. Rule 5(a) applies only to persons arrested and held under federal law. "The rule has no application where, as here, it is clear that at the time the statement was made the person has been arrested by local authorities and is in their sole custody." Tucker v. United States, 8 Cir., 375 F.2d 363, 370. Such is the situation here. There is no evidence of any working arrangement or collusion between the State and federal authorities. Defendant in his brief frankly states:

"While it does appear that the Highway Patrol and the F.B.I. cooperated freely in exchanging information which they obtained from Mr. Elliott and from other sources, there is certainly nothing in the record to indicate that Mr. Elliott was being improperly detained by the state authorities at the urging or request of the F.B.I. in order to permit his interrogation. * * * "

Defendant was arrested by a State officer on August 1, 1969, on a charge of driving a car with an expired foreign license plate. The crime was committed in the officer's presence. Defendant was arrested and immediately taken before a Justice of the Peace and found guilty and sentenced to ten days in jail and was placed in jail.

Defendant's inability to produce a registration certificate and his production of an expired rental agreement gave rise to further investigation of the possibility that defendant might be driving a stolen car. The available information was passed on to the F.B.I. The F.B.I. officers appeared at the State jail on August 2, and interviewed the defendant. A State investigator questioned defendant on August 3. The court held a hearing out of the presence of the jury on the issue of the voluntariness of the admissions and found the admissions to be voluntary. No challenge is here made on such determination. It is also undisputed that the Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 warnings were given prior to each interview.

The federal charge against the defendant was filed on August 6. Defendant at that time was in a hospital for injuries received in a suicide attempt. He was taken into custody at the hospital on Saturday, August 9, and brought before a commissioner on August 11.

Defendant's admissions were made on August 2 and 3 while the defendant was solely in State custody and long prior to the filing of the federal charge. When presented with a similar situation in Theriault v. United States, 8 Cir., 401 F.2d 79, 86, we held:

"What is important, however, is that there is nothing elicited from Theriault at this point which was admitted in evidence at his trial. Nothing was forthcoming as a result of his not having an immediate preliminary examination. At oral argument the defense conceded that no prejudice was sustained."

■ The evidence of the officers with respect to defendant's admissions made to them was properly received.

### III.

■ Defendant offered to prove by Mr. Perry, a Nebraska attorney, that a lessor is one who grants a lease and that a lessee is one who receives a lease, and that the two terms are in common usage in lease agreements. Defendant asserts the court erred in rejecting this offer.

A large discretion rests in the trial court in determining what is proper subject matter for expert testimony and the qualifications of the expert. Such discretion also exists with respect to the relevancy of the evidence. Defendant obtained the car in controversy from the Ross rental and leasing agency at Tampa, Florida. The undisputed record reflects that the agency considers leases for twenty-eight days or less rental agreements while leases for longer periods, such as six months or more, are considered leases and that rental agreements and leases are handled by different departments and are subject to different rules.

Defendant obtained the car by a signed written contract dated May 23, 1969, which fully sets out the rental terms including a provision that the car is not to be driven outside of Florida without express permission, and likewise a provision that the vehicle must be returned no later than May 24, 1969. The receipt of a $50 deposit is acknowledged. Defendant was given a copy of the agreement and had it with him at the time of his arrest.

It is undisputed that defendant called the rental agency on May 24, or 25 and requested an extension of the car lease. Mr. Dow, who received the call, testified that defendant asked for and received an extension of time to May 30, 1969, and that such extension was noted on the agency's copy of the rental agreement. Defendant testified that he received as a result of such phone call an indefinite extension of the rental agreement. This was denied by Mr. Dow on rebuttal.

We are of the view that it is of no significance whether the contract was called a rental agreement or a lease. The terms rather than the name given the contract control.

### IV.

Finally defendant urges that there is no substantial evidence from which the jury could infer that defendant intended

to abandon or dispose of the vehicle after using it to serve his purposes. Since the jury found for the Government, we must view the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government. When so viewed, the evidence supports the verdict. Intent can seldom be established by direct proof. Intent ordinarily must be determined upon the basis of reasonable inferences to be drawn from the evidence. In our present case, the record shows that defendant had full knowledge of the terms and limitations of the rental agreement and that he did not communicate with the rental agency or make any rental payments during the interval between his May 25, 1969, telephone conversation with the rental agency and the time of his arrest on August 1, 1969. The speedometer reading when defendant received the car was 4,347 miles. The reading at the time of defendant's arrest was 16,652 miles. The evidence shows that defendant had operated the automobile extensively on long trips outside of Florida. Efforts to locate the defendant at the address which he gave the agency and elsewhere were unsuccessful.

A careful review of the entire record satisfies us that the trial court committed no prejudicial error and that the defendant has had a fair trial.

The judgment is affirmed.