**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Francis A. KEEBLE, Defendant-**
**Appellant.**

**No. 71-1529.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 17, 1972.

Decided April 11, 1972.

Supplemental Opinion July 28, 1972.

Mark V. Meierhenry, Rosebud, S. D., for defendant-appellant.

Richard D. Hurd, Asst. U. S. Atty., William F. Clayton, U. S. Atty., Sioux Falls, S. D., for plaintiff-appellee.

Before BREITENSTEIN,* BRIGHT, and STEPHENSON, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Defendant-appellant Keeble was found guilty by a jury of assault on one Pomani with intent to commit great bodily injury, in violation of 18 U.S.C. § 1153 and S.D.C.L. § 22–18–12. He was sentenced to five years imprisonment. Defendant and Pomani were both Indians. The assault took place on an Indian reservation in South Dakota.

* Of the Tenth Circuit, sitting by designation.

On March 6, 1971, defendant and Pomani had spent some time drinking and had gone to defendant's home on the reservation. A fight between them ensued. When defendant went to bed, Pomani was in the house and conscious. When defendant awakened, Pomani was not in the house and his body was found outside. Defendant and his wife reported the incident to Captain Cruse, an employee of the Bureau of Indian Affairs and a police officer at the reservation. A post-mortem revealed that Pomani died of exposure.

The first question raised is the admission in evidence of defendant's confession. The surrounding circumstances are these. After defendant reported the incident, Captain Cruse arrested him for disorderly conduct, a tribal offense, about 8:30 A.M., March 7, and gave a *Miranda* warning. Questioning was not pursued because of defendant's intoxicated condition and nothing pertaining thereto was received in evidence at the trial. At about 10:30 A.M. Cruse called Agent Breci of the Federal Bureau of Investigation and reported Pomani's death. Agent Breci arrived from Sioux Falls, South Dakota, approximately 160 miles away, about noon on March 8. After giving a *Miranda* warning, the agent interrogated defendant for about three hours and received a written statement which incriminated defendant in the beating of Pomani.

On March 9, defendant was brought before the Tribal Court and pleaded guilty to the tribal offense. On the same day Breci swore to a complaint charging defendant with a federal offense. Defendant was brought before a magistrate on March 11. A motion to suppress the statement given to the FBI agent was denied and the statement was received in evidence.

A period of about 99 hours elapsed between defendant's arrest and his appearance before the magistrate. Rule 5(a), F.R.Crim.P., requires an arresting officer to "take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States." Defendant argues that 99 hours does not satisfy the "unnecessary delay" requirement and requires the suppression of the statement.

If the time of the arrest be taken as that when Captain Cruse had probable cause to hold defendant for a federal offense, about 25½ hours elapsed before the beginning of the FBI interrogation and about 28½ hours before the completion of the defendant's written statement. About 70 hours later, he was taken before a magistrate. The delay was apparently ignored by the trial judge who, so far as we can ascertain from the record, based his denial of the motion to suppress on the ground that the statement was voluntarily given after a sufficient *Miranda* warning.

We must determine whether the defendant's waiver of *Miranda* rights obviates compliance with Rule 5(a) and the requirements of McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L. Ed. 819, and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. In Miranda v. Arizona, 384 U.S. 436, 463, n. 32, 86 S.Ct. 1602, 16 L.Ed.2d 694, the Supreme Court said that its decision therein does not indicate that the *McNabb-Mallory* rules "can be disregarded." We agree with Frazier v. United States, 136 U.S.App.D.C. 180, 419 F.2d 1161; 1166, n. 25, that *Mallory* does not require exclusion of an otherwise admissible statement because of brief delay in obtaining a *Miranda* waiver. The same principle was followed in O'Neal v. United States, 5 Cir., 411 F.2d 131, cert. denied, 396 U.S. 827, 90 S.Ct. 72, 24 L.Ed.2d 77, and Pettyjohn v. United States, 136 U.S.App.D.C. 69, 419 F.2d 651, in each of which there was a short interval between the arrest and the statement. That is not the case here and the *Miranda* warning did not cure the delay in taking the defendant before a magistrate.

Rule 5(a) applies only to persons arrested and held under federal law. United States v. Elliott, 8 Cir., 435 F.2d 1013, 1015. The Government says that defendant was arrested for disorderly conduct, a tribal and not federal offense, and that at the time of the FBI interrogation he was being lawfully held for the tribal offense. The arresting of-

ficer, Captain Cruse, was a federal employee working for the Bureau of Indian Affairs. Decisions considering federal interrogation of a suspect lawfully in state custody are not pertinent because here defendant at all times was in federal custody.

Cruse made the arrest under the Code of Indian Tribal Offenses, 25 C.F.R. § 11.49. The government urges that Rule 5(a) is inapplicable because the FBI interrogation occurred while defendant was under lawful detention for the tribal offense. See 25 C.F.R. § 11.17. In spite of the arrest for the tribal offense, we believe that no later than 10:30 A.M. on the 7th Cruse had probable cause to arrest defendant for violation of 18 U. S.C. § 1153, and at that time the arrest also became one for probable violation of that section. It is irrelevant whether Cruse made a specific statement to that effect. Brown v. United States, 125 U. S.App.D.C. 43, 365 F.2d 976, 979.

The statement was obtained by an FBI agent who had 15 years experience in working with Indians. We are convinced that the *Miranda* warning was fully, fairly, and adequately given and that the execution of the waiver by the defendant was given knowingly and voluntarily. Our concern is the effect of the delay of more than one day between the arrest and the statement and of almost three days between the statement and the appearance before the magistrate.

This brings us to the Omnibus Crime Control and Safe Streets Act of 1968, 82 Stat. 197. Title II thereof, 18 U.S.C. § 3501, relates to the admissibility of confessions. Subsection (a) says that confessions are admissible if voluntarily given; that the judge, out of the presence of the jury, shall determine voluntariness; and that if voluntariness is found the statement may be received in evidence and considered by the jury under appropriate conditions and instructions.

Subsection (b) provides that in determining voluntariness, the judge shall take into consideration "all the circumstances surrounding the giving of the confession" including five specified items, one of which is the time lapse between arrest and the arraignment if the confession was made between them. The statute says that the presence or absence of any of the enumerated factors "need not be conclusive on the issue of voluntariness of the confession."

Subsection (c) says that a confession is not made inadmissible solely because of delay in bringing the accused before a magistrate if (1) the trial judge finds that the confession was voluntary, (2) the weight to be given the confession is left to the jury, and (3) the confession was made "within six hours immediately following his arrest or other detention" with this proviso:

"That the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate or other officer beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate or other officer."

In the case at bar, the submission of the confession to the jury satisfied the requirements of subsection (a). Likewise, the factors mentioned in subsection (b), with the exception of the time lapse between arrest and confession, were considered by the trial judge in his determination that a proper *Miranda* warning had been given. The trial judge did not comply with the proviso of subsection (c).

The defendant makes no attack on the constitutionality of § 3501 and we proceed on the basis that it is constitutional. The pertinent legislative history is given in United States v. Halbert, 9 Cir., 436 F.2d 1226, 1233–1236, and need not be repeated here. In *Halbert* there was more than a six-hour delay between arrest by state officers and confession to a federal agent. The trial court suppressed the confession because the delay was beyond that permitted by § 3501(c). On the government's appeal, the Court of Appeals reversed. It said (Ibid. at 1231):

" * * * it is obvious that the prime purpose of Congress in the enactment of § 3501 was to ameliorate

the effect of the decision in Mallory v. United States * * *, to remove delay alone as a cause for' rejecting admission into evidence of a confession and to make the voluntary character of the confession, the real test of its admissibility."

The court held that a delay of more than six hours before confession was a factor to be taken into consideration; that the confession was voluntary; that the delay after the confession was not pertinent; and that the trial court erred in suppressing the confession solely because of the delay. Ibid. at 1237.

Unlike *Halbert* our situation is not the exclusion of a confession for the sole reason of a greater than six-hour delay. Rather, our problem is the admission of the confession without any consideration of the delay factor.

More pertinent is this circuit's decision in Grooms v. United States, 8 Cir., 429 F.2d 839. That had to do with a greater than six-hour delay between state arrest and federal interrogation. The prime concern was whether there was a working arrangement between the state and federal officers. The court held that there was none. The short reference to § 3501(c), Ibid. at 843, says only that it does not broaden the scope and effect of *McNabb*, *Mallory*, and Rule 5(a) or nullify "the body of case law which has sanctioned the in-custody interrogation and the subsequent arraignment that was followed in this case." Ibid. Our reading of the opinion convinces us that the reference to "the body of case law" relates to the problem of working arrangements which is not present in the instant case. We believe that *Grooms* must be confined to the facts then before the court; it did not eliminate the delay factor from consideration in the determination of voluntariness.

Bright v. United States, 8 Cir., 274 F.2d 696, concerned a *McNabb-Mallory* problem arising before the enactment of § 3501. The court commented that the basis of application of the *Mallory* exclusion is "not an abstract measuring of time * * * but a scrutiny of whether the statement in its circumstances seems to be the product of an artificial delay." Ibid. at 697. The court went on to say (Ibid. at 698):

"Application of the McNabb rule thus involves a scrutiny and evaluation by the trial court of whether the circumstances and incidents of a statement made by a prisoner, as related to time and opportunity for taking him before a commissioner, constitute the statement as a product of improper encroachment on his right to such an appearance."

*Bright* recognizes that delay may be a factor in determining voluntariness and is relevant to the treatment of delay within the framework of § 3501. *Grooms* did not overrule *Bright*.

█ Subsection (c) of § 3501 provides the method for treatment of delay. It complements subsections (a) and (b), and does not say that a delay of more than six hours makes the confession automatically inadmissible. After consideration of the delay between arrest and confession, a court may still find that the confession is voluntary under § 3501(b) and admit it under § 3501(a). See discussion by Professor Wright in 1 Fed.Pract. & Proc. 74–76. We agree with *Halbert*, *supra*, 436 F.2d at 1237, that post-confession delay is not pertinent to the determination of voluntariness.

█ In the case at bar the record shows no consideration by the trial judge of the delay factor's effect, if any, upon the voluntariness of the confession and no determination of reasonableness as provided by subsection (c). In the circumstances the case must be remanded for consideration of the delay factor in accordance with § 3501.

Defendant moved to suppress photographs taken of his home by officers on the morning of his arrest. The motion was denied and the photographs received in evidence. The pertinent facts adduced at the hearing on the motion to suppress are these. Defendant and his wife came to the home of Captain Cruse early in the morning. Both were intoxicated. The wife said that defendant had killed her brother and she knew it because defendant had said that he did. Cruse arrested defendant for disorderly

762

conduct. Cruse and two other officers then went to the defendant's premises. From the highway they saw a body in a field and went to it. On examination they found that it was Pomani, that he was dead, and that he appeared to have been severely beaten. The body was 57 feet from the house. One of the officers went to the house, looked in a window, and observed a state of great disarray and "blood all over the floor." The door was ajar and no one was home. One of the officers obtained a camera and pictures were taken of the condition of the house. No search warrant had been obtained. The arrest of the defendant had occurred at Fort Thompson, some distance away.

■ The thrust of the defendant's argument is that the approach to and entry of the house was an unwarranted search in violation of the Fourth Amendment and the principles stated in Collidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564. We take a different view. The officers had been told that a man had been killed. They went to the premises and found a body which exhibited severe beating. They then conducted an investigation of the immediate area which took them to the side of the house where through the window they saw confusion and blood stains. Their entry through a partly opened door was incident to the discovery of the body and practically contemporaneous therewith. The pictures taken depicted the scene of the crime. We find no Fourth Amendment violation and agree that the pictures were properly received in evidence.

Defendant's argument that the trial court should have instructed the jury on the lesser included offense of simple assault is foreclosed by Kills Crow v. United States, 8 Cir., 451 F.2d 323.

The case is remanded to the district court for further proceedings to determine the voluntariness of the confession in the light of the requirements of § 3501. After such hearing as may be appropriate, the court shall make its findings and conclusions and promptly transmit them, with a transcript of whatever hearing is held to this court. This court retains jurisdiction for all other purposes.

BRIGHT, Circuit Judge, concurring:

I join in Judge Breitenstein's opinion except for the treatment of the search and seizure issue. I retain reservations about the validity of the warrantless search and seizure under Fourth Amendment standards. See United States v. Goldenstein, 456 F.2d 1006 (8th Cir. 1972); Root v. Gauper, 438 F.2d 361 (8th Cir. 1971). Nevertheless, I would not reverse this conviction because I find the error to be harmless beyond a reasonable doubt.

STEPHENSON, Circuit Judge (dissenting).

I maintain the view expressed in my dissent in Kills Crow v. United States, 451 F.2d 323, 327 (CA8 1971), that once a federal court properly acquires jurisdiction over a federal crime, it possesses jurisdiction over any crime which is necessarily included therein. For this reason, I would reverse on the lesser offense issue. However, I join the majority in its disposition of the other questions presented by this case.

## SUPPLEMENTAL OPINION

PER CURIAM.

■■ We remanded this case to the district court for further proceedings to determine the voluntariness of the confession in the light of the requirements of 18 U.S.C. § 3501. The trial court conducted an evidentiary hearing and held that the delay between the probable cause for arrest and the defendant's confession was not reasonable; that such unreasonableness is not conclusive on the issue of the voluntariness of the confession; that the defendant was aware of his rights; that he was not coerced or threatened; and that from "a totality of the circumstances" the Court finds the confession to have been voluntarily given. We have considered the record and agree. In our opinion noncompliance with § 3501(c) does not of itself render the confession inadmissible. Such noncompliance is a factor, along with others, which must be given consideration by the trial court.

Affirmed.