UNITED STATES of America,
Appellee,

v.

Wayne Moses FIRE THUNDER,
Appellant.

UNITED STATES of America,
Appellee,

v.

Reuben Calvin FIRE THUNDER, Jr.,
Appellant.

Nos. 73–1312, 73–1313.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 18, 1973.

Decided Jan. 10, 1974.

Charles L. Riter, Rapid City, S. D., filed brief for appellant, Wayne Moses Fire Thunder.

Ken C. Graves, Rapid City, S. D., filed brief for appellant, Reuben Calvin Fire Thunder.

William F. Clayton; Richard D. Hurd, Edward Carpenter, Asst. U. S. Attys., and William A. Bowen, Law Intern; Sioux Falls, S. D., filed brief for appellee.

Before LAY, BRIGHT, and WEBSTER, Circuit Judges.

BRIGHT, Circuit Judge.

The appellants, Wayne Moses Fire Thunder and Reuben Calvin Fire Thunder, Indians, bring this appeal from a judgment of conviction against each appellant finding both guilty of four counts of aggravated type assaults in violation of 18 U.S.C. § 1153. The incidents took place within Indian country on the Pine Ridge Indian Reservation in South Dakota.

Appellants seek a new trial based on Keeble v. United States, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973), a case decided subsequent to the trial but pending this appeal. Appellants assert that a lesser included offense instruction of simple assault or assault and battery should have been submitted to the jury. In light of *Keeble,* and our recent decision in United States v. Grant, 489 F.2d 27 (8th Cir., 1973), we agree and remand for a new trial.

The indictment charged both defendants and a third defendant, not a party to this appeal, with assaulting John Around Him on January 1, 1972, with *dangerous weapons,* that is, blunt and cutting instruments, with intent to do bodily harm, in violation of 18 U.S.C. § 1153 and S.D. Compiled Laws Ann. § 22–18–11 (1967),[1] and in a second count

---

1. S.D. Compiled Laws Ann. § 22–18–11 (1967) reads:

Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault or any assault and battery upon the person of another with any sharp or dangerous weapon or who, without such cause shoots, or attempts to shoot at another, with any kind of firearm, air gun, or any other means, with intent to injure any person although without intent to kill such person is punishable by imprisonment in the state penitentiary not exceeding five years or by imprisonment in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars or by both such fine and imprisonment.

with assaulting John Around Him with *intent to inflict great bodily injury* by striking him with blunt and cutting-type instruments and beating him and kicking him, in violation of 18 U.S.C. § 1153 and S.D. Compiled Laws Ann. § 22–18–12 (1967).[2]

The indictment in counts three and four contained similar charges relating to assaults inflicted at about the same time upon one Ithamar Chris Hatchett.

The testimony disclosed that the incidents occurred on New Year's Day, and that the victims of the assaults and the appellants had done a considerable amount of drinking. John Around Him, a person possessing limited visual acuity, testified that he saw Wayne Moses hitting victim Hatchett with a guitar. Reuben Calvin admitted striking Hatchett with his hands and other testimony established that Reuben grabbed John Around Him by the neck and pulled him out the door. Police were called and found Hatchett unconscious, lying on the floor in a pool of blood. They found John Around Him staggering around the house with his face covered with blood. A third defendant, who allegedly participated in the assaults, was tried separately. The testimony indicates that this third defendant entered the home where the incidents here in question occurred, carrying a piece of wood. A physician treated Hatchett for lacerations of the head bruises of the face, and for a skull fracture. This physican opined that a blunt instrument produced the skull fracture and a cutting object caused the lacerations.

John Around Him sustained bruises of the face which, according to his attending physician, came from a blow from a fist or blunt instrument and also

sustained a laceration of the ear caused by a cutting object of some type.

At the trial, the appellants requested a lesser included offense instruction for simple assault and assault and battery. *See* S.D. Compiled Laws Ann. § 22–18–1 (1967).[3] Given the then existing state of the law in this circuit denying precisely the instruction sought, United States v. Keeble, 459 F.2d 757 (8th Cir. 1972); Kills Crow v. United States, 451 F.2d 323 (8th Cir. 1971), the district court properly denied the request. In doing so, however, the court said:

> I would like nothing better than to allow you to have it [the lesser included offense instruction] * * *, but I think our existing law does not allow me this luxury, and, therefore, I will abide by what I think is the present law * * *.

As we have noted, the Supreme Court has reversed this court's *Keeble* decision and has directed that in prosecutions under § 1153, defendants are entitled to lesser included offense instructions in appropriate cases. We have already determined that the rule announced in *Keeble* applies to pending cases, such as the instant one, which had not yet reached final judgment, when *Keeble* was decided. United States v. Grant, *supra*.

It remains for us to determine whether a lesser included offense instruction is appropriate on the facts before us. Here, we look to whether:

> the proof on the element or elements differentiating the two crimes * * * [is] sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense. United States v. Grant, supra, 489 F.2d at 31, citing United States

---

2. S.D. Compiled Laws Ann. § 22–18–12 (1967) reads:

> Whoever assaults another with intent to inflict *great bodily injury* shall be punished upon conviction thereof by imprisonment in the state penitentiary for not less than one year, nor more than five years, or in the county jail not exceeding one year, or by a fine not exceeding five hun-

dred dollars, or by both such fine and imprisonment. (Emphasis added.)

3. S.D. Compiled Laws Ann. § 22–18–1 (1967) reads:

> An assault is any willful and unlawful attempt or offer, with force or violence, to do a corporal hurt to another. A battery is any willful and unlawful use of force or violence upon the person of another.

v. Whitaker, 144 U.S.App.D.C. 344, 447 F.2d 314, 317 (1971).

Here, as to the assault with dangerous weapon counts, a jury could conclude that Reuben Calvin used only his fists in striking the victim or victims and that Wayne Moses either did not wield the guitar in striking Hatchett or that the guitar did not in fact constitute a dangerous weapon. The jury could also find that the blows producing the serious injuries came from the wooden club carried by the third defendant and that neither of the appellants acted in concert with him or with each other. As to the charges of assaults with intent to inflict great bodily injury on the victims, a jury could find that because of the excessive drinking, the appellants lacked the specific intent necessary to establish the existence of such crimes.[4]

Thus, appellants were entitled to the requested lesser included offense instruction and these cases must be retried. *See* United States v. Grant, *supra*.

Reversed and remanded.

---

4. We do not mean to imply in any way that the convictions here were unsupported by the evidence. The testimony amply supports the verdicts.