**Wallace P. FELICIA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 73–1812.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1974.

Decided April 9, 1974.

Charles M. Thompson, Pierre, S. D., for appellant.

Robert D. Hiaring, Asst. U. S. Atty., Sioux Falls, S. D., for appellee.

Before VOGEL, Senior Circuit Judge, LAY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

This case presents the question of whether the United States District Court has jurisdiction to sentence an Indian defendant on his conviction of a lesser included offense under an indictment charging a violation of the Major Crimes Act, 18 U.S.C. § 1153. The trial court held that it had jurisdiction. We affirm.

Wallace P. Felicia was indicted for assault with intent to inflict great bodily injury upon Emery W. Loudner, Jr., also an Indian, on the Crow Creek Indian

Reservation. At the conclusion of the presentation of the evidence at the trial, the defendant requested an instruction on the lesser included offenses of assault or assault and battery pursuant to the Supreme Court's recent decision in Keeble v. United States, 412 U.S. 205, 93 S. Ct. 1993, 36 L.Ed.2d 844 (1973). The instruction was given and the jury found Felicia guilty of "simple assault or assault and battery." Felicia was sentenced to sixty days imprisonment and a fine of $5.00.

On this appeal Felicia claims that although the trial court was obligated to give the lesser included offense instruction, the federal courts have no jurisdiction over the offense of simple assault or assault and battery, and that therefore the court could not lawfully sentence Felicia for that offense. It is a unique argument, but a full and careful reading of Keeble v. United States, *supra,* causes us to reject it.

■ Offenses by Indians against Indians in Indian country are ordinarily subject to the jurisdiction of the tribal courts. U. S. Dep't of the Interior, Federal Indian Law 319–20 (1958). Yet some federal laws and treaties provide for limitations on that tribal authority. The most important such limitation to which we must look for the source of jurisdiction here is contained in 18 U.S.C. § 1153:

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, rape, carnal knowledge of any female, not his wife, who has not attained the age of sixteen years, assault with intent to commit rape, incest, assault with intent to kill, assault with a dangerous weapon, assault resulting in serious bodily injury, arson, burglary, robbery, and larceny within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

\* \* \* \* \* \*

> As used in this section, the offenses of burglary, assault with a dangerous weapon, assault resulting in serious bodily injury, and incest shall be defined and punished in accordance with the laws of the State in which such offense was committed.

We have previously held that that statute did not vest jurisdiction in the federal courts over lesser included offenses. Kills Crow v. United States, 451 F.2d 323, 325 (8th Cir. 1971), cert. denied, 405 U.S. 999, 92 S.Ct. 1262, 31 L. Ed.2d 467 (1972); United States v. Davis, 429 F.2d 552, 554 (8th Cir. 1970). *See also* Keeble v. United States, 459 F.2d 757, 762 (8th Cir. 1972), rev'd, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973). However, in light of the Supreme Court's reversal in *Keeble,* requiring that in trials for violations of 18 U.S.C. § 1153, an instruction for the lesser included offense must be given when the evidence warrants, we must reexamine our earlier holdings.

■ In *Keeble,* the Supreme Court reasoned that Congress did not intend to deprive Indian defendants of procedural rights guaranteed to other defendants, or to make it easier to convict an Indian than any other defendant:

> Indeed, the Act expressly provides that Indians charged under its provisions "shall be tried in the same courts, *and in the same manner,* as are all other persons committing any of the above crimes within the exclusive jurisdiction of the United States." . . . In the face of that explicit statutory direction, we can hardly conclude that Congress intended to disqualify Indians from the benefits of a lesser offense instruction, when those benefits are made available to any non-Indian charged with the same offense.

*Id.* 412 U.S. at 212, 93 S.Ct. at 1997. (citations omitted). However, *Keeble* did not explicitly hold that jurisdiction for a conviction of and punishment for

the lesser included offense existed in the federal court:

> Finally, we emphasize that our decision today *neither expands the reach of the Major Crimes Act nor permits the Government to infringe the residual jurisdiction of the tribe* by bringing prosecutions in federal court that are not authorized by statute. We hold only that where an Indian is prosecuted in federal court under the provisions of the Act, the Act does not require that he be deprived of the protection afforded by an instruction on a lesser included offense, assuming of course that the evidence warrants such an instruction. *No interest of a tribe is jeopardized by this decision.*

*Id.* at 214, 93 S.Ct. at 1998. (emphasis supplied). We conclude that the jurisdiction of the federal courts was not expanded by the *Keeble* decision but that jurisdiction over a lesser included offense is implicit in the statutes hereinafter set forth. We adopt this view for several reasons.

First, the clear language of 18 U.S.C. § 1153 itself provides that any Indian committing any of the enumerated offenses shall be *subject to the same laws and penalties* as all other persons committing any of the offenses within the exclusive jurisdiction of the United States. Convictions for lesser included offenses are cognizable at federal law. Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965) ; Stevenson v. United States, 162 U.S. 313, 16 S.Ct. 839, 40 L.Ed. 980 (1896).

Another factor supports the recognition of federal jurisdiction over lesser included offenses. In 1968, 18 U.S.C. § 1153 was amended to provide that the offense of assault resulting in serious bodily injury "shall be defined *and punished* in accordance with the laws of the State in which such offense was committed." Act of April 11, 1968, Pub. L. No. 90–284, 82 Stat. 80. (Emphasis supplied.) As defined by South Dakota law, assault is a lesser included offense within assault with intent to inflict great bodily injury. So.Dak.Com.Laws 22–18–1 and 22–18–12. Similarly, South Dakota law permits conviction of and punishment for the lesser included offense. So.Dak.Com.Laws 23–45–23 ; State v. Cotton, 36 S.D. 396, 155 N.W. 8 (1915). Thus, as defined by the laws of South Dakota, a conviction for the lesser included offense of assault, or assault and battery is permissible when a defendant is charged with assault with intent to inflict great bodily injury.

Finally, and most importantly, since the Supreme Court in *Keeble* required that the instruction for the lesser offense be given, it could not have intended it to be an exercise in futility, leaving the federal courts without the power to sentence after a conviction of the lesser included offense is returned. This was recognized specifically in the dissent of Justice Stewart. Keeble v. United States, *supra*, 412 U.S. at 216, 93 S.Ct. 1993, 36 L.Ed.2d 844.

In short, since lesser included offenses are cognizable at federal law and at state law; since section 1153 provides that an Indian charged under the Major Crimes Act shall be subject to the same laws and penalties as all other persons committing any of those offenses; since the offenses must be defined *and punished* in accordance with South Dakota law; and since we believe that the Supreme Court in *Keeble* implicitly recognized that federal courts have jurisdiction to convict and punish for a lesser offense included within the enumerated crimes of the Major Crimes Act, we agree with the district court that it had jurisdiction to sentence Felicia.

For the reasons hereinbefore expressed, the judgment of conviction is affirmed.