UNITED STATES of America, Plaintiff-Appellee,

v.

Johnnie Lee BOWMAN, Jr., Defendant-Appellant.

No. 81–1257.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 14, 1981.

Decided June 17, 1982.

Rehearing and Rehearing En Banc Denied Aug. 13, 1982.

Colin F. Campbell, Asst. Federal Public Defender, Phoenix, Ariz., for defendant-appellant.

Arthur G. Garcia, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before WALLACE and SCHROEDER, Circuit Judges, and HENDERSON,* District Judge.

SCHROEDER, Circuit Judge:

Appellant, an Indian, was charged under the Major Crimes Act of 1885, 18 U.S.C. § 1153, with assault resulting in serious bodily injury to another Indian. He requested and was granted a jury instruction on the lesser included offense of assault by striking, beating, or wounding. The jury convicted him of the lesser included offense, judgment was entered and he was sentenced for that offense.[1] He now contends that the district court lacked jurisdiction to sentence him on any crime not enumerated in § 1153.[2]

We affirm because we conclude that the Supreme Court implicitly resolved the jurisdictional question against appellant's position when it decided *Keeble v. United States*, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973). In that case the Eighth Circuit had reaffirmed its earlier holding that jurisdiction to convict of lesser included offenses could not be inferred from the Major Crimes Act, which was to be strictly construed.[3] For that reason, the Court of Appeals concluded that the defendant was not entitled to a jury instruction regarding a lesser included offense. The Supreme Court reversed. It held that when the facts and the evidence merit such an instruction, the Indian defendant no less than any other is entitled, if he so requests, to have the jury instructed that it may convict him of the lesser included offense.

It is true, as the appellant and the dissent point out, that the *Keeble* majority did not expressly state that the court would then also have jurisdiction to enter judgment and sentence on the lesser included offense. Nevertheless, we can find nothing in the opinion that would permit us to reach any other conclusion. Appellant's position would lead to the result that a defendant convicted by the jury on a lesser included offense must be released by the court for lack of jurisdiction, notwithstanding the propriety of its instruction to the jury that defendant could be convicted of that offense. The jury would have been misled by the instruction. In the absence of some indication by the Supreme Court that it considers that result appropriate, we decline to reach it.

There is more than ample support in *Keeble* and the prior history of that case for our conclusion that there is jurisdiction to sentence the defendant on a lesser included offense after he has requested and received an instruction on it. As noted, the Eighth Circuit had denied the requested instruction on the ground that the court was without jurisdiction over the lesser offense. *See United States v. Keeble*, 459 F.2d 757, 762 (8th Cir. 1972); *Kills Crow, supra*. Thus the Supreme Court in reversing that decision could not have been oblivious to the arguments against jurisdiction over lesser offenses. Indeed, the dissenters in *Keeble* expressly interpreted the majority opinion as holding that the federal courts had jurisdiction to sentence on the lesser offense once the defendant had requested the instruction. 412 U.S. at 217, 93 S.Ct. at 2000 (Stewart, J., dissenting). The majority, quoting the language of 18 U.S.C. § 3242,

---

* Honorable Thelton E. Henderson, United States District Judge for the Northern District of California, sitting by designation.

1. This appeal is from the district court's denial of appellant's motion to correct an illegal sentence pursuant to Fed.R.Crim.P. 35(a).

2. 18 U.S.C. § 1153 provides:
   Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, rape, carnal knowledge of any female, not his wife, who has not attained the age of sixteen years,
   assault with intent to commit rape, incest, assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury, arson, burglary, robbery, and larceny within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

3. *Kills Crow v. United States*, 451 F.2d 323, 325 (8th Cir. 1971), *cert. denied*, 405 U.S. 999, 92 S.Ct. 1262, 31 L.Ed.2d 467 (1972).

stressed that Indians charged under the Major Crimes Act "shall be tried in the same courts, *and in the same manner*, as are all other persons committing any of the above crimes within the exclusive jurisdiction of the United States." *Id.* at 212, 93 S.Ct. at 1997 (emphasis added by the Supreme Court).[4] Appellant's position cannot prevail in view of the Supreme Court's emphasis on parity of treatment.

The Court acknowledged the government's argument that its holding might extend the reach of the Major Crimes Act. We also find this possibility troublesome. Pursuant to a principle of mutuality,[5] the holding of *Keeble* that a lesser included offense instruction is available to the Indian defendant might result in greater availability of such an instruction to the government in prosecutions under the Major Crimes Act. Such a result might induce the government to "overcharge" under § 1153 to ensure punishment for a lesser offense not enumerated in that section.[6] Clearly, such a prosecutorial policy would have the effect of expanding the Act's "carefully limited intrusion of federal power into the otherwise exclusive jurisdiction of the Indian tribes to punish Indians for crimes committed on Indian land." 412 U.S. at 209, 93 S.Ct. at 1996. In response to this danger, the *Keeble* majority observed that the D.C. Circuit had recently rejected the principle of mutuality. *Id.* at 214 n.14, 93 S.Ct. at 1998 n.14, *citing United States v. Whitaker*, 447 F.2d 314, 321 (1971). *See also United States v. Johnson*, 637 F.2d 1224, 1239 (9th Cir. 1980). We do not reach that issue and it has apparently not yet been addressed in this context by any circuit. *See United States v. Campbell*, 652 F.2d 760, 763 (8th Cir. 1981).

Since *Keeble* was decided, two circuits have considered the precise question before us. Both affirmed convictions for lesser included offenses. *United States v. John*, 587 F.2d 683, 688 (5th Cir. 1979); *United States v. Felicia*, 495 F.2d 353, 355 (8th Cir.), *cert. denied*, 419 U.S. 849, 95 S.Ct. 88, 42 L.Ed.2d 79 (1974). The Eighth Circuit concluded, as we do, that "a full and careful reading of *Keeble*" required rejection of the position which is now urged upon us by appellant. *Id.*, 495 F.2d at 354. The Supreme Court has cited *Felicia* with apparent approval. *United States v. John*, 437 U.S. 634, 636 n.3, 98 S.Ct. 2541, 2542–43 n.3, 57 L.Ed.2d 489 (1978).

This is the first time that the question of Major Crimes Act jurisdiction over lesser included offenses has been squarely presented to this court. We have observed that it is difficult to reconcile such jurisdiction with the history of § 1153 and the congressional intent to confer only limited jurisdiction on the federal courts over the enumerated offenses. *Johnson, supra*, 637 F.2d at 1243–44. Were we writing on a cleaner slate, we might reach a different result than we do today. We are unable to do so and remain consistent with *Keeble*.

AFFIRMED.

HENDERSON, District Judge, dissenting:

The basic premise underlying the majority opinion is that the Supreme Court implicitly resolved the jurisdictional question adversely to the appellant in *Keeble v. United States*, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973). The structure of federal jurisdiction over criminal infractions by Indians, as reflected in the *Keeble* case itself, 412 U.S. at 209–212, 93 S.Ct. at 1996–1997, requires that the jurisdictional question be explicitly rather than implicitly resolved. Furthermore, I think it is clear from subsequent Supreme Court opinions that the issue presented here has in fact not been decided either implicitly or explicitly by the Supreme Court. In the absence of

---

**4.** Section 3242 has since been amended in minor respects not relevant here.

**5.** *See, e.g., Kelly v. United States*, 370 F.2d 227, 229 (D.C. Cir. 1966), *cert. denied*, 388 U.S. 913, 87 S.Ct. 2127, 18 L.Ed.2d 1355 (1967).

**6.** The problem of overcharging could not arise if punishment on the lesser offenses were precluded; thus acknowledgment of the problem by the Supreme Court further supports our holding today.

controlling Supreme Court authority, I think the considerations articulated in *dictum* in this Court's opinion in *United States v. Johnson*, 637 F.2d 1224, 1243–1244 (1980) compel reversal here. I therefore dissent.

In the absence of an explicit Congressional, not judicial, directive, Indian tribes have exclusive criminal jurisdiction over offenses committed by one Indian against another Indian within Indian country. *United States v. Wheeler*, 435 U.S. 313, 325, 98 S.Ct. 1079, 1087, 55 L.Ed.2d 303 (1978); *United States v. Jackson*, 600 F.2d 1283, 1285–1286 (9th Cir. 1979). Recognizing this jurisdictional structure and concerned that tribal remedies for serious felonies were either nonexistent or inadequate, Congress adopted the Major Crimes Act, 18 U.S.C. § 1153. Under the Act, federal courts have jurisdiction over crimes committed by Indians against other Indians within Indian territory and enumerated in the Act. *See Keeble v. United States, supra,* 412 U.S. at 209–210, 93 S.Ct. 1996–1997. As to such crimes that are not enumerated in the Major Crimes Act, the tribal courts retain exclusive jurisdiction. 18 U.S.C. § 1152. *See United States v. Wheeler, supra,* 435 U.S. at 325 n. 22, 98 S.Ct. at 1087 n. 22; *United States v. Antelope*, 430 U.S. 641, 643 n.2, 97 S.Ct. 1395, 1397 n.2, 51 L.Ed.2d 701 (1977); *United States v. Johnson, supra,* 637 F.2d at 1231.

It is clear from the structure and history of the Major Crimes Act that the jurisdiction of tribal courts is retained by those courts, rather than conferred by Congress. Implicit in this fact is recognition of the continuing vitality of

> the doctrine of inherent powers of limited sovereignty which remain vested in the Indian tribes unless extinguished by congressional act or surrendered by treaty. One aspect of this retained inherent tribal sovereignty is the exclusive power to prescribe tribal criminal laws and mete out punishment to tribal offenders. [Citations omitted.]

*United States v. Johnson, supra,* 637 F.2d at 1230. Thus, in the absence of a Congressional act extinguishing the exclusive jurisdiction of tribal courts over crimes by Indians against other Indians on Indian territory, Indian tribes retain the exclusive power to prescribe tribal criminal laws and to mete out punishment under those laws.

The crime for which appellant Bowman was convicted and sentenced is not an enumerated offense under 18 U.S.C. § 1153. The tribal courts thus retain exclusive jurisdiction over that crime.

*Keeble* does not, and I submit, could not, compel a different conclusion. The majority, acknowledging that the Supreme Court in *Keeble* did not expressly resolve the jurisdictional question, is unable to find anything in the *Keeble* opinion that would permit any conclusion other than that the federal courts have jurisdiction over lesser-included offenses not enumerated in 18 U.S.C. § 1153. The opinion in *Keeble*, however, must be read in the context of the law concerning Indians of which it is a part. As described above, that law is quite clear that tribal courts cannot be deprived of their exclusive jurisdiction over crimes by Indians against other Indians on Indian territory absent an act of Congress extinguishing that jurisdiction. Section 1153 does not expressly extinguish tribal jurisdiction over the lesser-included offense at issue here. The majority ignores the clear jurisdictional structure of Indian criminal law when it relies on *Keeble*, a case examining the procedural implications of Section 1153, for the proposition that the jurisdictional question has been implicitly resolved.

*Keeble* is a case about procedural rights to which Indian defendants are entitled in federal court. In fact, the point stressed by the majority concerning parity of treatment was made by the *Keeble* court in discussing the rights of Indian defendants to "*procedural rights* guaranteed to other defendants." 412 U.S. at 212, 93 S.Ct. at 1997 (emphasis added). As described in *dictum* in *United States v. Johnson, supra,*

> ... *Keeble* was concerned only with the Indian defendant's right to the same protection afforded non-Indians against being convicted unfairly of the charged offense [*see Keeble*, 412 U.S. at 212–213, 93

S.Ct. at 1997–1998]; it was not concerned with the power of the federal courts to convict and sentence for commission of the lesser-included offense. 637 F.2d at 1244. *Keeble* does not even address, as the majority points out, the jurisdictional question presented here. If Congress is to be understood as having deprived tribal courts of their exclusive jurisdiction over lesser-included offenses, that understanding should be clear either from the Congressional act or from an express interpretation of such an act by the Supreme Court. Depriving the tribal courts of exclusive jurisdiction by implication from a Supreme Court decision which does not address the jurisdictional question flies in the face of the structure of jurisdiction over Indian offenses.

It should be noted that the maximum sentence provided for by the statute under which appellant Bowman was sentenced is identical to that which the tribal courts could impose for the identical offense. *Compare* 18 U.S.C. § 113(d) and *Keeble, supra,* 412 U.S. at 211 n.10, 93 S.Ct. at 1997 n.10. Thus, the very concern that prompted Congressional adoption of the Major Crimes Act, i.e., that tribal remedies for serious felonies were either nonexistent or inadequate, is inoperative here.

The majority expresses concern that reversing the judgment in this case would result in a convicted defendant's release for lack of jurisdiction. The concern seems to be that someone convicted of a crime will not be punished. Though it is true that a federal court conviction on a non-enumerated lesser-included offense would deprive the federal court of jurisdiction, it does not necessarily follow that the defendant would thereby escape punishment. Because Indian tribes are separate sovereigns, double jeopardy principles do not bar prosecution by a tribe following a prosecution by the federal government. *United States v. Wheeler, supra,* 435 U.S. at 329–330, 98 S.Ct. at 1089–1090. *United States v. Johnson, supra,* 637 F.2d at 1244 n.30. Appellant Bowman could be tried and punished by his tribe for the lesser-included offense at issue here.

Also addressed at length by the majority is the possibility that an affirmance in this case may result in "overcharging" by prosecutors to ensure punishment for a lesser offense not enumerated in 18 U.S.C. § 1153. Without reaching the question of mutuality, the majority does note that the threat of overcharging is undercut by the Supreme Court's acknowledgment in *Keeble* of the District of Columbia Circuit's recent rejection of the principle of mutuality. *Keeble, supra,* 412 U.S. at 214 n.14, 93 S.Ct. at 1998 n.14. Two observations are appropriate in this context. First, and most important, the *Keeble* majority expressly refused to reach the question of mutuality, *id.* From this it might well be inferred that the Supreme Court in fact did not believe that *Keeble* implicitly resolves the jurisdictional question presented here, and thus it was unnecessary for the Court to address the principle of mutuality.

Second, it is by no means clear that if the principle of mutuality, i.e., that the prosecutor is entitled to request any jury instruction that the defendant has a right to request, were rejected, overcharging would not occur. A prosecutor might still overcharge, hoping either for a conviction on the lesser-included offense when the defendant requests the instruction, or for a conviction of the charged offense if the defendant decides to take the risk of not requesting the instruction on a lesser-included offense in hopes of getting an acquittal. This last possibility, that of putting the defendant at risk of a conviction of an offense s/he did not commit by depriving her/him of the instruction on a lesser-included offense, is precisely the harm that *Keeble* was designed to prevent. *See* 412 U.S. at 212–213, 93 S.Ct. at 1997–1998. Though rejecting the principle of mutuality might be of some assistance in preventing overcharging, I doubt seriously that it would eliminate altogether the manipulation of charges under Section 1153.

One final point about the *Keeble* case and its application here. The majority notes that two other circuits, the Fifth and the

Eighth, have held that *Keeble* resolves the jurisdictional question here, and that the Supreme Court has noted the Eighth Circuit case with "apparent approval." However, the Supreme Court case citing the Eighth Circuit opinion clearly indicates that the issue of jurisdiction has not been decided by the Supreme Court. *United States v. John, (John I)*, 437 U.S. 634, 636 n.3, 98 S.Ct. 2541, 2542 n.3, 57 L.Ed.2d 489 (1978). In the absence of controlling Supreme Court authority, I am not convinced that an indication by the Supreme Court of a favorable disposition toward the Eighth Circuit position justifies a departure by this Circuit from the dictates of the jurisdictional structure of Indian criminal law. The Eighth Circuit decision, *Felicia v. United States*, 495 F.2d 353 (1974), *cert. denied*, 419 U.S. 849, 95 S.Ct. 88, 42 L.Ed.2d 79 (1974), like the majority opinion here, reads *Keeble* as implicitly deciding the jurisdictional question. For all the reasons stated, I do not believe that *Keeble* does implicitly resolve the question, or that the jurisdictional question can be resolved other than by explicit direction from either Congress or the Court interpreting a Congressional act.

Putting *Keeble* aside, I think that this Court's opinion in *United States v. Johnson, supra*, 637 F.2d at 1243–44, correctly resolves, in *dictum*, the jurisdictional question presented here. As that case and I hope this dissenting opinion make clear, the jurisdictional structure of Indian criminal law prohibits a federal court from sentencing an Indian defendant for a lesser-included offense under Section 1153. Accordingly, I would reverse the District Court judgment.