UNITED STATES of America, Plaintiff,

v.

**Samual NARCIA and George Compton, Defendants.**

**No. CR 91–264–PHX–EHC.**

United States District Court,
D. Arizona.

Oct. 23, 1991.

492

Paul Charlton, Asst. U.S. Atty., U.S. Dist. Court D. Ariz., Phoenix, Ariz., for U.S.

Bram Jacobson, Federal Public Defender, Phoenix, Ariz., for Narcia.

Michael Scott, Phoenix, Ariz., for Compton.

## ORDER

CARROLL, District Judge.

On June 24, 1991, Samual Narcia and George Compton were charged with First Degree Murder While Armed,[1] two counts of Felony Murder While Armed,[2] First Degree Burglary While Armed,[3] Attempted Robbery While Armed,[4] and Use of a Dangerous Weapon.[5]

On September 4, 1991, Defendant Narcia moved to dismiss the attempted robbery charge because it is not listed in the Major Crimes Act. The defendant also moved to dismiss the attempted robbery charge and both felony murder charges on grounds that the crimes are defined by federal law and, accordingly, state law definitions cannot be used. In addition, Defendant Narcia

---

1. 18 U.S.C. §§ 1153, 1111, and 2.

2. Count 2 alleges that the defendants killed the victim in the perpetration of a burglary in violation of 18 U.S.C. §§ 1153, 1111, and 2; and A.R.S. §§ 13–1501, 13–1507, and 13–1508. Count 3 alleges that the defendants killed the victim in an attempt to perpetrate a robbery in violation of 18 U.S.C. §§ 1153, 1111, and 2; and A.R.S. §§ 13–1901, 13–1902, 13–1904, and 13–1001.

3. 18 U.S.C. §§ 1153 and 2; and A.R.S. §§ 13–1501, 13–1507, 13–1508.

4. 18 U.S.C. §§ 1153 and 2; and A.R.S. §§ 13–1901, 13–1902, 13–1904, and 13–1001.

5. 18 U.S.C. §§ 1153, 924(c), and 2.

filed a Motion for Election of Counts and a Motion for Determination of Impact of Co-operation Agreement. On September 30, 1991, Defendant Narcia filed a second Motion to Dismiss the felony murder charges on the grounds that they fail to allege an essential element of the charge or to provide notice of the offense as required by Rule 7, Federal Rules of Criminal Procedure, and the Fifth Amendment's due process clause.[6] Defendant Compton joined in all of the motions, except the motion concerning Defendant Narcia's cooperation agreement.

*Motion to Dismiss*

*Attempted Robbery*

■ The Major Crimes Act specifies certain crimes for which the federal government may prosecute Indians. *United States v. Burnside*, 831 F.2d 868, 870 (9th Cir.1987). The act reads, in pertinent part, as follows:

(a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

18 U.S.C. § 1153.

The defendants point out that the crime of attempted robbery is not listed in the Major Crimes Act. Motion at 4. Furthermore, they note that there is no general federal statute proscribing an attempt. *Id.* (*citing United States v. Rovetoso*, 768 F.2d 809, 821 (7th Cir.1985)). Attempt is criminalized only when a specific criminal statute so provides. *Id.* Because the Major Crimes Act criminalizes only robbery, and

not attempted robbery, the defendants argue that this charge must be dismissed. Motion at 5.

The government responds that case law has broadened the jurisdiction of the Major Crimes Act such that attempt may be charged. Response at 4. The government relies upon *Keeble v. United States*, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973); *United States v. Jackson*, 600 F.2d 1283 (9th Cir.1979); and *United States v. Bowman*, 679 F.2d 798 (9th Cir.1982) to support its contention. *Id.* at 4-6.

In *Keeble*, the Supreme Court addressed the issue of whether an Indian prosecuted under the Major Crimes Act is entitled to a jury instruction on a lesser included offense where that lesser included offense is not one of the crimes enumerated in the act. *Keeble*, 412 U.S. at 206, 93 S.Ct. at 1994. The defendant had been charged with assault with intent to commit serious bodily injury, and he was denied a jury instruction on simply assault by the trial court. The Supreme Court held that where an Indian is prosecuted in federal court under the Major Crimes Act, the act does not require that he be deprived of the protection afforded by an instruction on a lesser included offense, assuming the evidence warrants such an instruction. *Id.* at 214, 93 S.Ct. at 1998.

The Supreme Court was careful to note that its decision "neither expands the reach of the Major Crimes Act nor permits the Government to infringe the residual jurisdiction of a tribe by bringing prosecutions in federal court that are not authorized by statute." *Id.* In a footnote, the Court discussed whether its decision "would, under the principle of mutuality, empower federal prosecutors, dissatisfied with the leniency of tribal courts, to prosecute in marginal cases, knowing that if the major offense is not proved the penalty for the minor offense would be more substantial than in the tribal courts." *Id.* at 214, n. 14, 93 S.Ct. at 1998, n. 14. The Court did not

---

**6.** The Court granted the second Motion to Dismiss (docket # 38) in open court on October 21, 1991. Hearing no objection, the Court also granted the government's oral motion to contin-

ue the trial until November 26, 1991, so that the government may have time to pursue a superceding indictment.

resolve this issue; however, it pointed out that the District of Columbia Circuit rejected mutuality as an essential prerequisite to the defense's right to a lesser included offense charge. *Id.* (*citing United States v. Whitaker,* 447 F.2d 314, 321 (D.C.Cir. 1971)).

In *Jackson,* the Ninth Circuit stated that the general rule that "all crimes committed by enrolled Indians against other Indians within Indian country are subject to the jurisdiction of tribal courts" is not absolute. *Jackson,* 600 F.2d at 1286, n. 8. (*citing Keeble,* 412 U.S. at 214, 93 S.Ct. at 1998).

In *Bowman,* the Indian defendant was charged under the Major Crimes Act with assault resulting in serious bodily injury, requested and received a jury instruction on the lesser included offense of assault by striking, beating or wounding, and was convicted of the lesser included offense. *Bowman,* 679 F.2d at 799. Later, the defendant argued that the district court lacked jurisdiction to sentence him on any crime not enumerated in the Major Crimes Act. *Id.* The Ninth Circuit affirmed the lower court decision, concluding that the Supreme Court implicitly resolved the jurisdictional question against the defendant's position when it decided *Keeble. Id.*

The *Bowman* Court did not reach the issue of whether the government could charge a lesser offense. *Id.* at 800. However, the panel stated, "[w]e find this possibility troublesome." *Id.*

The Court also failed to reach the principle of mutuality issue raised in *Keeble. Id.* However, it acknowledged that the *Keeble* holding that a lesser included offense instruction is available to the Indian defendant "might result" in greater availability of such an instruction to the government. *Id.* It warned that such a result might induce the government to "overcharge" under 18 U.S.C. § 1153 to ensure punishment for a lesser offense not named in the statute, which would expand the statute's "carefully limited intrusion of federal power into the otherwise exclusive jurisdiction of the Indian tribes...." *Id.*

In this case, the government asserts that "there does not appear to be any rational reason to prevent the government from charging an offense for which the courts have already found jurisdiction sufficient to enter a judgment and sentence." Response at 5–6. Rational or not, there is no authority expressly allowing federal prosecutors to charge Indian defendants with crimes not enumerated in the Major Crimes Act. The Supreme Court has stated that *Keeble* does not permit the government to bring prosecutions in federal court that are not authorized by statute. *Keeble,* 412 U.S. at 214, 93 S.Ct. at 1998. The Ninth Circuit finds this possibility "troubling." *Bowman,* 679 F.2d at 800.

Moreover, enabling the government to charge Indian defendants with offenses not set forth in the Major Crimes Act would intrude significantly into the otherwise exclusive jurisdiction of the Indian tribes. If the government may properly charge defendants with attempt, the government arguably may charge them with aiding and abetting, conspiracy, or various other crimes as well. All of these crimes are beyond the scope of the Major Crimes Act and, as such, may not be charged by the government.

Finally, permitting the government to charge these lesser offenses raises concerns of federal judicial economy. The federal courts are responsible for a tremendous number of criminal cases arising from incidents on federal Indian reservation lands. If the Major Crimes Act is expanded to permit federal prosecutors to charge these additional offenses, the federal courts will be faced with innumerable additional cases that Congress decided were more appropriately adjudicated by the tribal courts when it passed the Act.

### The Felony Murder Charges

■ The defendants point out that both of the felony murder charges are defined by reference to state law in the indictment. Motion at 5. The defendants argue that because murder and the predicate offenses under federal felony murder are defined by federal law, state law definitions may not be applied. *Id.* at 5–6. Accordingly, the

defendants assert that these counts, which attempt to apply state law definitions to Major Crimes Act offenses defined by federal law, must be dismissed. *Id.* at 6.

In response, the government argues that because neither burglary nor attempted robbery are defined by federal law, the Court must use the state law definitions of felony murder when the underlying offense is burglary, as charged in Count 2, and attempted robbery, as charged in Count 3. Response at 3. The defendants insist upon federal law definitions whenever they are available.

The Major Crimes Act reads, in pertinent part, as follows:

(b) Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

18 U.S.C. § 1153. Murder, which is referred to in subsection (a), is defined by 18 U.S.C. § 1111(a). This statute also defines felony murder: "Every murder ... committed in the perpetration of, or attempt to perpetrate, any ... burglary, or robbery ... is murder in the first degree." *Id.* Upon this point the parties do not disagree. The dispute centers around the definitions of the predicate offenses for felony murder.

In Count 2, the defendants are charged with killing the victim in the perpetration of a burglary. In Count 4, the defendants are charged with First Degree Burglary While Armed. According to the defendants, the victim was killed in his home. *See* Motion at 3.

There is no federal definition of burglary of a private residence. *United States v. Bear,* 932 F.2d 1279, 1281 (9th Cir.1990). Because the type of burglary of which the defendants are accused is not defined and punished by federal law, the offense must be defined and punished in accordance with state law. *See id.* (*citing* 18 U.S.C. § 1153(b)). Accordingly, the felony murder component of Count 2 shall be defined by

18 U.S.C. § 1153(a), and the burglary component of Count 2 shall be defined by state law. Furthermore, First Degree Burglary as charged in Count 4 shall be defined by state law.

■ In Count 3, the defendants are charged with killing the victim in an attempt to perpetrate a robbery. Robbery is defined in 18 U.S.C. § 2111. As noted above, attempt is not defined by federal law. Thus, attempted robbery lacks a federal law definition. Accordingly, the felony murder component of Count 3 shall be defined by 18 U.S.C. § 1153(a), and the attempted robbery component of Count 3 shall be defined with reference to the federal definition of robbery in 18 U.S.C. § 2111 and the state law definition of attempt.

*Motion for Election of Counts*

■ The defendants also filed a Motion for Election of Counts in which they contend that Counts 1, 2, and 3 offend the rule against multiplicity because all three counts charge them with first degree murder of the same person. Count 1 charges the defendants with premeditated murder, Count 2 charges them with felony murder in the perpetration of a burglary, and Count 3 charges them with felony murder in an attempt to perpetrate a robbery. The defendants conclude that the government should be required to elect between the charges. Motion at 3.

The government counters that the counts are not multiplicitous because each count requires proof of a fact which the others do not and, thus, the test articulated in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), is satisfied. Response at 2–3 (*citing Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182). Even if the Court finds the counts multiplicitous, the government maintains that it should not be forced to elect its count until the time of sentencing or, at the earliest, prior to submission of the case to the jury. Response at 3–4.

An indictment is not multiplicitous if each count requires proof of a fact which

the others do not. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182; *United States v. Roberts*, 783 F.2d 767, 769 (9th Cir.1985). A single act may cause more than a single consequence. *United States v. Shaw*, 701 F.2d 367, 396 (5th Cir.1983). Therefore, a defendant may be convicted of two separate offenses arising from a single act so long as each requires proof of a fact not essential to the other. *Id.*

In determining whether a count requires proof of a fact which the others do not, "[t]he elements of the offense are determinative, even if there is substantial overlap in their proof." *United States v. Solomon*, 753 F.2d 1522, 1527 (9th Cir.1985). Before the defendants may be convicted of Count 1, the government must prove that they killed with premeditation and malice aforethought. *See* 18 U.S.C. § 1111(a). The government is not required to prove the fact of premeditation for Counts 2 and 3. Count 2 requires the government to prove burglary, a fact not essential to the other two counts. *Id.* Similarly, Count 3 requires the government to prove attempted robbery, also a fact not essential to the other two counts at issue. *Id.* Although there is some overlap in the proof of these three counts, each count requires proof of a fact not required by the others.

Although the Ninth Circuit has not addressed directly whether charging a defendant with premeditated murder and felony murder based on a single incident constitutes multiplicity, some courts have held that premeditated murder and felony murder, while prohibited by the same statute, are separate crimes. *See, e.g., Watson v. Jago*, 558 F.2d 330, 334–35 (6th Cir.1977) (*citing State v. Ferguson*, 175 Ohio St. 390, 25 O.O.2d 383, 195 N.E.2d 794 (1964)); *Carman v. State*, 658 P.2d 131, 139 (Alaska App.1983). Furthermore, some courts have recognized indictments charging defendants with premeditated murder and felony murder in the same indictment, in separate counts. *See, e.g., Fuller v. United States*, 407 F.2d 1199 (D.C.Cir.1968), *cert. denied*, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969) (indictment charged defendant with first degree felony murder, first degree premeditated murder, and rape based on a single incident with one woman); *Sims v. United States*, 405 F.2d 1381 (D.C.Cir.1968) (defendants charged with felony murder and first degree premeditated murder for allegedly fatally shooting one cab driver).

■ Two or more felonies may be charged in the same indictment in a separate count for each felony if the felonies charged are of the same or similar character or are based on the same act or on two or more acts connected together or constituting parts of a common scheme or plan. Fed.R.Crim.P. 8(a). Because premeditated murder, felony murder committed during the perpetration of a burglary, and felony murder committed during an attempt to perpetrate a robbery are separate offenses created in a single statutory section, the offenses must be charged in separate counts. *See id.* Thus, the indictment is not multiplicitous, and the *government is not required to elect between Counts 1, 2, and 3.*

Accordingly,

IT IS ORDERED granting in part and denying in part the defendants' Motion to Dismiss (docket # 22). The defendants' Motion to Dismiss Count 5 of the indictment (Attempted Robbery While Armed) shall be granted because the crime of attempted robbery is not enumerated in the Major Crimes Act. The defendants' Motion to Dismiss Counts 2 and 3 (Felony Murder While Armed) shall be denied because the Major Crimes Act requires that state law definitions for crimes be used when the federal law supplies no definitions.

IT IS FURTHER ORDERED denying the defendants' Motion for Election of Counts (docket # 25) because each of the Counts 1, 2, and 3 charge the defendants with a different crime.

IT IS FURTHER ORDERED denying Defendant Narcia's Motion for Determination of Impact of Cooperation Agreement (docket # 26) without prejudice as the defendant is satisfied with the government's avowals that none of the defendant's immunized testimony was presented to the

grand jury in an effort to obtain the indictment.