35 F.3d 558
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome Fernando SMITH, Defendant-Appellant.
 No. 93-5807.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided Sept. 14, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CR-93-164)
 E. Blair Brown, Brown & Stambaugh, Alexandria, Va., for appellant.
 Helen F. Fahey, U.S. Atty., David Lavine, Sp. Asst. U.S. Atty., Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINS and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jerome Fernando Smith appeals from his conviction of carjacking, 18 U.S.C.A. Sec. 2119 (West Supp.1994), use of a firearm in the commission of a crime of violence, 18 U.S.C.A. Sec. 924 (West 1976 & Supp.1994), and conspiracy, 18 U.S.C. Sec. 371 (1988). He alleges error in the district court's refusal to instruct the jury on a lesser included offense and the admission of evidence linking Smith to the stolen automobile industry. We affirm.
 
 
 2
 During a test drive of a Nissan Pathfinder, the salesperson, Jose Diaz, instructed Smith to turn right, leading back to the dealership. Smith refused. When Diaz tried to grab the wheel to steer the vehicle back to the dealership, Smith slammed on the brakes. From the back seat, where Smith's companion, Roland, was seated, Diaz heard the sound of the chambering of a round of ammunition into an automatic handgun. Roland ordered Diaz out of the vehicle. Diaz raised his hands and turned to see a gun aimed at the back of his torso. He exited the vehicle, and Smith drove it toward Washington, D.C.
 
 
 3
 The government presented evidence which was seized during searches of Smith's residences. This evidence was identified as items commonly used to create false vehicle identification numbers and documentation for stolen vehicles. None of these items were specifically related to the Nissan Pathfinder.
 
 
 4
 Smith testified, admitting that he and Roland stole the vehicle, but stating that the carjacking was Roland's idea. Smith denied that a gun was used; rather, he testified that Roland had shown him the handle of a black plastic toy water gun.
 
 
 5
 The jury returned guilty verdicts on all counts in the indictment. Smith appeals, contending that the court erroneously refused to instruct the jury that 18 U.S.C. Sec. 1951 (1988), was a lesser included offense of carjacking and erroneously admitted the exhibits related to "the stolen auto industry."
 
 I.
 
 6
 We find that our review of the lesser included offense instruction assignment of error must be for plain error. The joint appendix fails to show that Smith stated distinctly the matter to which he was objecting, failure to instruct on 18 U.S.C. Sec. 1951, and the grounds for his objection. See Fed.R.Crim.P. 30. The elements of a lesser included offense are a subset of those of the greater offense. Schmuck v. United States, 489 U.S. 705, 721-22 (1989). A lesser included offense is necessarily committed upon the commission of the other "major" offense. United States v. Walkingeagle, 974 F.2d 551, 554 (4th Cir.1992), cert. denied, 61 U.S.L.W. 3683 (U.S.1993).
 
 
 7
 Upon review of the elements of the two offenses, we find no plain error in failing to instruct the jury on Sec. 1951. Section 2119 specifies that the item taken be a motor vehicle; whereas,Sec. 1951 broadly penalizes conduct affecting the movement in commerce of "any article or commodity." 18 U.S.C. Sec. 1951. Additionally, Sec. 1951 requires more of an effect on commerce than that required under Sec. 2119. Section 2119 merely requires that the motor vehicle has been "transported, shipped or received in interstate" commerce. 18 U.S.C. Sec. 2119. However, Sec. 1951 requires that the robbery or extortion itself affect commerce--a more substantial effect than merely the fact that the article or commodity taken has been shipped in interstate commerce. Again, we perceive no plain error on this claim.
 
 II.
 
 8
 Rule 404(b) of the Federal Rules of Evidence " 'admits all evidence of other crimes relevant to an issue in a trial except that which tends to prove only criminal disposition.' " United States v. Mark, 943 F.2d 444, 447 (4th Cir.1991) (quoting United States v. Masters, 622 F.2d 83, 85 (4th Cir.1980)). The evidence to which Smith objected tended to prove Smith's intent to steal the vehicle, an essential element of the carjacking charge. Thus it was admissible under Fed.R.Evid. 404(b). See Mark, 943 F.2d at 448; Masters, 622 F.2d at 85. We find that in light of other evidence presented, the relevancy of the exhibits linking Smith to the stolen vehicle industry was not outweighed by any unfair prejudicial impact. See Fed.R.Evid. 403; Mark, 943 F.2d at 449. Therefore, we find that admission of the disputed evidence was not so "arbitrary or irrational" as to constitute an abuse of discretion. United States v. McMillon, 14 F.3d 948, 954 (4th Cir.1994) (citing United States v. Mills, 995 F.2d 480, 485 (4th Cir.), cert. denied, 62 U.S.L.W. 3252 (U.S.1993); United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988)).
 
 
 9
 For the foregoing reasons, we affirm Smith's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED