**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4239**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHARLES RILEY, JR., a/k/a New York,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George J. Hazel, District Judge. (1:13-cr-00607-GJH-2)

Submitted: January 28, 2016        Decided: April 5, 2016

Before AGEE, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Erek L. Barron, WHITEFORD, TAYLOR & PRESTON, LLP, Bethesda, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Peter J. Martinez, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Riley, Jr., appeals his drug convictions. Riley's first trial ended when the district court granted his motion for a mistrial. In his second trial, the jury found him guilty of three counts from his superseding indictment: Count 1, conspiracy to distribute and possess with intent to distribute cocaine, and Counts 2 and 3, possession with intent to distribute cocaine and aiding and abetting. In Count 2 the jury found him guilty of the lesser-included offense of distributing an unspecified amount of cocaine (the indictment alleged 500 grams or more of cocaine). Riley was sentenced to 240 months of imprisonment. Riley makes numerous claims on appeal. For the reasons that follow, we affirm.

First, Riley alleges the counts from his original indictment should have been dismissed with prejudice and precluded from being charged in his superseding indictment. In reviewing the district court's denial of Riley's motion to dismiss the indictment, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Pasquantino, 305 F.3d 291, 294 (4th Cir. 2002). We find no reversible error and note that Riley was not prejudiced as a result of the government's conduct during grand jury proceedings, see Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988) (finding that a district court may not

2

dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendant), as the Government obtained a superseding indictment, free from earlier errors made in the grand jury proceedings leading to the original indictment. See United States v. Wills, 346 F.3d 476, 488 (4th Cir. 2003) (noting that in the absence of prejudice, "courts lack authority to review the sufficiency of the evidence supporting an indictment, even when a mistake was mistakenly made") (citations omitted).

Next, Riley contends that the district court should have granted his motion to suppress the evidence because officers entered his home before the issuance of the search warrant. We review the district court's factual findings underlying a motion to suppress for clear error and its legal conclusions de novo. United States v. Williams, 740 F.3d 308, 311 (4th Cir. 2014). Because the district court denied Riley's motion below, we construe the evidence in the light most favorable to the Government. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). The record is clear that officers did not take any evidence prior to properly executing the search warrant at Riley's home. Thus, Riley's claim fails under the Supreme Court's decision in Segura v. United States, 468 U.S. 796, 813–16 (1984). In Segura the Court held that warrantless entry into a home does not require the suppression of evidence later

3

obtained from that home if that evidence was independently discovered pursuant to a valid warrant. 468 U.S. at 813-14 ("Whether the initial entry [of a home] was illegal or not is irrelevant to the admissibility of the challenged evidence because there was an independent source for the warrant under which that evidence was seized. Exclusion of evidence as derivative or 'fruit of the poisonous tree' is not warranted here because of that independent source.").

Third, Riley alleges that the district court erred by denying his motions to sever Counts 2 and 5 from the remaining counts. Two or more offenses may be charged in the same indictment when the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). In determining whether charges are based on the same transaction or are part of a common plan, this Court has interpreted the rule flexibly, requiring that the joined offenses have a logical relationship to one another. United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005). This Court reviews de novo whether the initial joinder of the offenses was proper under Rule 8(a). United States v. Mouzone, 687 F.3d 207, 219 (4th Cir. 2012).

We note that Riley was not retried on Count 5, so this claim is without merit. Count 2 was properly joined under Rule

4

8(a), United States v. Hornsby, 666 F.3d 296, 309 (4th Cir. 2012) ("Where offenses are properly joined under Rule 8(a), severance of the offenses is rare"), and we find no abuse of discretion by the district court in denying Riley's motions for severance. United States v. Dinkins, 691 F.3d 358, 367 (4th Cir. 2012) (providing review standard). Thus, this claim lacks merit.

Next, Riley argues that submission of Count 2 to the jury violated the Double Jeopardy Clause. Count 2 charged Riley with distributing 500 grams or more of cocaine. Because less than that amount of the drug was presented at trial, however, the district court charged the jury — and the jury found — Riley guilty for distributing an unspecified amount of cocaine, a lesser-included offense of Count 2. We note this claim is forfeited because Riley failed to raise his double jeopardy claim in the district court, United States v. Jarvis, 7 F.3d 404, 409 (4th Cir. 1993), and Riley fails to show plain error in any event. See United States v. Olano, 507 U.S. 725, 732 (1993) (providing plain error test). Criminal Rule 31(c)(1) provides that a defendant may be found guilty of an offense necessarily included in the offense charged. Moreover, a court may submit an uncharged lesser-included offense to the jury, and the jury may convict on a lesser-included offense, if all the elements are proven after it determines that the evidence is insufficient

5

on the greater offense.  United States v. Walkingeagle, 974 F.2d 551, 553-54 (4th Cir. 1992).  Thus, this claim fails.

In his fifth claim Riley argues that the district court erred by granting a mistrial in his first trial on the basis of manifest necessity.  We agree with the district court that Riley failed to meet the challenging burden of showing that the Government sought to goad him into seeking a mistrial, as required for him to prevail on this claim.  See United States v. Smith, 441 F.3d 254, 265 (4th Cir. 2006) (finding that an appellant bears the burden of proving specific intent to provoke a mistrial); United States v. Wentz, 800 F.2d 1325, 1327 (4th Cir. 1986) (noting where defendant obtains a mistrial, "the conditions for invocation of the double jeopardy bar are strict").  We find no abuse of discretion regarding the district court's factual findings in this regard.  See United States v. Johnson, 55 F.3d 976, 978 (4th Cir. 1995) (providing standard).

Finally, Riley contends that his second trial violated the Fifth Amendment's Double Jeopardy Clause.  We review questions of double jeopardy de novo, United States v. Studifin, 240 F.3d 415, 418 (4th Cir. 2001), but with regard to the more specific question of whether the Government intentionally provoked a mistrial, this Court reviews factual findings for clear error. Johnson, 55 F.3d at 978.  We conclude that the district court's factual and legal conclusions on the matter were not erroneous.

<u>Oregon v. Kennedy</u>, 456 U.S. 667, 675-78 (1982); <u>Wentz</u>, 800 F.2d at 1327.

Accordingly, because Riley's claims fail on appeal, we affirm his convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>